J-S53010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

GARY PALMER,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1028 EDA 2016

Appeal from the PCRA Order Entered March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0204941-2006
CP-51-CR-1100971-2005

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED OCTOBER 11, 2017**

Appellant, Gary Palmer, appeals from the post-conviction court's March 4, 2016 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm in part, reverse in part, vacate Appellant's judgment of sentence, and remand to the PCRA court for resentencing.

Briefly, Appellant was charged in two separate cases with various offenses stemming from a string of robberies and a shootout with police before they took Appellant into custody for those robberies.  Appellant's cases were consolidated and proceeded to a jury trial in May of 2007.  At the close thereof, the jury convicted Appellant of multiple crimes, including robbery, theft by unlawful taking, aggravated assault, simple assault,

recklessly endangering another person, terroristic threats, possessing an instrument of crime, possession with intent to deliver a controlled substance, and several firearm offenses. Appellant was ultimately sentenced August 7, 2007, to an aggregate term of 11 to 22 years' incarceration, followed by 6 years' probation.

Appellant filed a timely direct appeal, but due to procedural matters not pertinent herein, it was not until November 30, 2012, that this Court affirmed his judgment of sentence. *Commonwealth v. Palmer*, 63 A.3d 841 (Pa. Super. 2012) (unpublished judgment order). On May 2, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Palmer*, 67 A.3d 795 (Pa. 2013). Therefore, his judgment of sentence became final ninety days thereafter, or on July 31, 2013. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Appellant filed a timely, *pro se* PCRA petition on December 20, 2013. Counsel was appointed and filed several amended petitions on Appellant's behalf over the ensuing years. On February 3, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and

issued an order doing so on March 4, 2016. Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a Rule 1925(a) opinion on January 31, 2017.

Herein, Appellant presents two issues for our review:

1. Did the [PCRA] [c]ourt err in failing to grant discovery and dismissing the PCRA petition without holding an evidentiary hearing to determine the substantial issues of material fact?

2. Was counsel ineffective for failing to object to the prosecutor's falsely using firearms recovered in the police shooting incident to convict [] Appellant on the robberies, for failing to object to the consolidation of the cases, for failing to raise a speedy trial issue and for failing to object to [] Appellant's mandatory minimum sentence[?]

Appellant's Brief at 10.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

We will begin by addressing Appellant's claim that his trial and appellate counsels acted ineffectively by not challenging the legality of two mandatory minimum sentences imposed in this case. Appellant argues that those sentences were rendered illegal by the United States Supreme Court's

decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Specifically, Appellant received mandatory minimum sentences under 42 Pa.C.S. §§ 9712 (Sentences for offenses committed with firearms) and 9712.1 (Sentences for certain drug offenses committed with firearms). Both of these sentencing statutes have been declared unconstitutional under **Alleyne**. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that 42 Pa.C.S. § 9712.1 is unconstitutional under **Alleyne**); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (declaring 42 Pa.C.S. § 9712 unconstitutional under **Alleyne**).

While Appellant frames his sentencing challenge as an ineffectiveness claim, we will simply review the legality of his mandatory minimum sentences directly, as we are permitted to raise such issues *sua sponte*. **See Commonwealth v. Orellana**, 86 A.3d 877, 882-83 n.7 (recognizing "that this Court is endowed with the ability to consider an issue of legality of sentence *sua sponte*") (citation omitted).

Preliminarily, Appellant recognizes that our Supreme Court has held that **Alleyne** does **not** apply retroactively to collateral attacks on mandatory minimum sentences. **See** Appellant's Brief at 27 (citing **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016)); **see also Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015) (declining to give **Alleyne** retroactive effect to cases where a timely PCRA petition was filed and the

- 4 -

petitioner's judgment of sentence was finalized before *Alleyne* was decided). However, Appellant avers, and we agree, that *Washington* and *Riggle* are distinguishable from the present case. Notably, in both *Washington* and *Riggle*, the petitioners' judgments of sentence became final *before Alleyne* was decided on June 17, 2013. In contrast, here, Appellant's judgment of sentence became final on July 31, 2013, after *Alleyne* was issued. In another case with a similar procedural posture, *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), this Court held that *Alleyne* may be applied retroactively to a timely PCRA petitioner, as long as the petitioner's judgment of sentence was not yet final when *Alleyne* was decided. *Id.* at 59-60. *See also Newman*, 99 A.3d at 90 (holding that Newman's case "was still pending on direct appeal when *Alleyne* was handed down, and the decision may be applied to [Newman's] case retroactively") (footnote omitted).

As in *Ruiz* and *Newman*, here, Appellant's judgment of sentence was not final when *Alleyne* was decided. Therefore, as the PCRA court now recognizes, and the Commonwealth concedes, "*Alleyne* applies directly to [Appellant], because his judgments of sentence were not yet final when the decision was announced." Commonwealth's Brief at 28 (citing *Ruiz, supra*); PCRA Court Opinion (PCO), 1/31/17, at 8 (stating that Appellant's "[j]udgment of [s]entence did not become final until July 31, 2013, well after *Alleyne* was decided, rendering his sentence illegal"). Accordingly, Appellant's mandatory minimum sentences are illegal pursuant to *Alleyne*,

- 5 -

and we must vacate his judgment of sentence and remand for resentencing, without imposition of those mandatory minimum terms of incarceration.

In regard to Appellant's other issues, we have reviewed the briefs of the parties, the certified record, and the applicable law. Additionally, we have reviewed the thorough opinion of the Honorable Charles J. Cunningham, III, of the Court of Common Pleas of Philadelphia County. We conclude that Judge Cunningham's well-reasoned opinion accurately disposes of the remaining issues presented by Appellant. *See* PCO at 8-24. Accordingly, we adopt that opinion as our own and affirm the denial of Appellant's issues (aside from his legality of sentence claim) for the reasons set forth therein.

Order reversed in part, affirmed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017

- 6 -

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | 1028 EDA 2016 |
| : | |
| v. : | *CP-51-CR-1100971-2005* |
| : | *CP-51-CR-0204941-2006* |
| GARY PALMER : | (PCRA) |



CP-51-CR-1100971-2005 Comm. v. Palmer, Gary
Opinion

7896074791

OPINION

FILED

JAN 3 1 2017

Appeals/Post Trial
Office of Judicial Records

## STATEMENT OF THE CASE

Defendant is appealing the Court's dismissal of his meritless *pro se* PCRA Petition. After Defendant's convictions on the charges of Corruption of the Morals of a Minor and Unlawful Contact with a Minor were sustained on direct appeal, he filed the instant PCRA petition alleging ineffectiveness assistance of trial counsel. The Court finds the sentence imposed on Defendant was rendered illegal by *Commonwealth v. Valentine*, 101 A.3d 801, 809 (Pa. Super. 2014). The Court also finds that the remainder of Defendant's complaints are without merit.

## PROCEDURAL HISTORY

On May 29, 2007, at the conclusion of his jury trial before the Honorable Willis W. Berry, Jr. Defendant was found guilty on numerous related charges of robbery, theft, assault, drug and firearms violations. On August 2, 2007, Judge Berry, sentenced Defendant to an aggregate period of confinement of 11 to 22 years followed by 6 years' probation. Defendant did not file post sentence motions.

On August 31, 2007, Defendant timely filed a direct appeal to the Superior Court of Pennsylvania at 2192 EDA 2007. By order dated May 14, 2008, Defendant's appeal was dismissed for "failure to file brief." On July 9, 2008, Defendant filed a timely *pro se* PCRA Petition pursuant to 42 Pa.C.S.A. §9541, et. seq., seeking reinstatement of his appellate rights. On November 30, 2010, Judge Berry reinstated Defendant's direct appeal rights. On May 12, 2010, Defendant timely filed a direct appeal to the Superior Court of Pennsylvania at 3444 EDA 2010. By order dated November 30, 2012, finding Defendant's claims were waived, his convictions and sentences were affirmed. Defendant's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on May 2, 2013.

On December 20, 2013, Defendant timely filed the instant *pro se* PCRA Petition. On July 1, 2014, Matthew J. Wolfe, Esq., was appointed as counsel to represent Defendant for the purposes of his PCRA Petition. On September 9, 2015, Mr. Wolfe filed a counseled PCRA petition and memorandum of law on Defendant's behalf. Mr. Wolfe has since filed two additional amended PCRA petitions, raising additional claims. On November 13, 2015, the Commonwealth filed its initial motion and a brief to dismiss Defendant's PCRA petition of its motion. The Commonwealth has since filed two

2

addition motions and briefs to dismiss. On April 11, 2015, Defendant filed his brief in opposition to the Commonwealth's motion to dismiss.

On February 3, 2016, after a hearing and a careful review of the record, the Court issued its notice, pursuant to the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.) Rule 907, advising Counsel and Defendant that it intended to dismiss Defendant's petition within twenty days of issuance. On February 26, 2016, Defendant filed a *pro se* response to the Court's Rule 907 notice. On February 3, 2016, the Court, after a hearing, entered an Order dismissing Defendant's PCRA Petition as being without merit.

On March 30, 2016, Defendant timely filed the instant appeal to the Superior Court of Pennsylvania. On April 12, 2016, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the Court's Order. On May 30, 2016, Defendant filed his Statement of Errors Complained of on Appeal.

In his Statement of Errors, Defendant raises twenty issues, namely:

1. "The Lower Court erred in failing to grant the Appellant's PCRA Petition under the following grounds:
   (1)  The Commonwealth, in an unprecedented action, has thus far withdrawn prosecution hundreds of cases involving Police Officers Michael E. Spicer, Thomas Liciardelli, Brian P. Reynolds, Perry Betts and Brian Speiser and Lt. Robert Otto.
   (2)  The officers were arrested and charges with corruption.
   (3)  Officer Michael Spicer testified as expert witness at trial in this matter and his corrupt practices were unknown to the Petitioner or his counsel. (N.T. 5/25/07 p. 6-20)
   (4)  Officer Michael Spicer's testimony was essential to the Petitioner's conviction.

3

(5) Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and Pennsylvania, as the honesty and credibility of this corrupt police officer was not revealed to the jury and cannot be trustworthy.

(6) The trial court consolidated the two cases (CP-51-CR-0204941-2006 and CP-51-CR-1100971-2005) in error as it was prejudicial to the Petitioner.

(7) Trial counsel was ineffective for failing to object to said consolidation at trial.

(8) Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and Pennsylvania, as counsel was ineffective for failing to object to the consolidation of the cases.

(9) The Petitioner's trial was delayed in violation of the Rules of Criminal Procedure and his Constitutional right to a speedy trial.

(10) Trial counsel was ineffective for failing to move for dismissal pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure and on Constitutional speedy trial grounds.

(11) Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the Unites States of Pennsylvania, as counsel was ineffective for failing to move for dismissal pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure and on Constitutional speedy trial grounds.

(12) The Petitioner was charged and convicted of a robbery that was carried out with a black gun. When he was arrested the police recovered two silver guns. At trial the prosecutor alleged that the silver guns were used in the robbery without objection from the Petitioner's trial counsel. Likewise, counsel failed to object when the Court instructed the jury incorporating the prosecutor's argument.

(13) Trial counsel was ineffective for failing to object to the prosecutor's use of the recovered silver guns in the robbery case and the Court's instructions to the jury accepting the prosecutor's argument.

(14) The prosecutor committed prosecutorial misconduct in arguing that the silver guns were used in the robbery case in spite of his own evidence to the contrary.

(15) Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States

4

and Pennsylvania, as counsel was ineffective for failing to object to the prosecutor's use of the silver guns in the robbery case and the judge's jury instructions, as well as the prosecutor's misconduct in doing so.

(16) A mandatory sentence was imposed without the appropriate factors having been determined as an element of the underlying offense by the jury beyond a reasonable doubt.

(17) Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and Pennsylvania, as the Petitioner's counsel was ineffective for failing to raise the issue of the illegal sentence at trial or on direct appeal.

(18) Said mandatory sentence was an illegal sentence.

2. The Lower Court erred in failing to hold an evidentiary hearing to examine the charges against and evidence against Officer Spicer and to determine the timeliness of the appeal considering the Petitioner's knowledge of the evidence in this matter.

3. The Lower Court erred in failing to grant the Appellant's discovery request pursuant to Pa.R.Cr.P. Rule 1502(e) requesting that the court order the Commonwealth to turn over in discovery all documents and other information which relate to the arrests of Officers Michael E. Spicer, Thomas Liciardello, Brian P. Reynolds, Perry Betts and Brian Speiser and Lt. Robert Otto."

Defendant's statement of errors fall into four distinct areas. Defendant first complains he is entitled to a new trial as a result of after discovered evidence, complaining his convictions rested on the tainted testimony Philadelphia Police Officer Michael Spicer. Defendant next complaints trial counsel was ineffective for failing to object to the consolidation of the charges against him, failing to seek dismissal of the charges against him pursuant to Pa.R.Cr.P. Rule 600 and failing to object to the entry into evidence two hand guns. Defendant further complains the imposition of the statutory mandatory minimum rendered his sentence illegal. Lastly, Defendant complains the

5

Court erred in not holding an evidentiary hearing and not granting his motion for discovery prior to dismissing his PCRA petition. The Court will address the legality of Defendant's sentence first.

## DISCUSSION OF THE ISSUES RAISED

### I.     DEFENDANT'S SENTENCE IS ILLEGAL.

In his sixteenth through eighteenth statement of errors, Defendant essentially complains that his "mandatory sentence was an illegal sentence." Although he raises two additional issues relating to his complaints of ineffective assistance of counsel, these are rendered moot, challenging the legality of his sentence. The gravamen of Defendant's complaint is his assertion that his aggregate sentence of 11 to 22 years of incarceration was predicated upon the application of the mandatory sentencing provisions of 42 Pa.C.S.A. §9712. He asserts that his sentence was rendered illegal *Ab initio* by the U. S. Supreme Court decision of *Alleyne v. United States*, 133U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 and its Pennsylvania progeny. Initially, Defendant failed to fully develop this argument, leading the Court to initially agree with the incorrect assessment of the Commonwealth that Defendant's complaint was without merit. However, on further review of the record, the Court agrees with Defendant.

*Alleyne* held that any predicate fact that triggers an increase in the mandatory minimum sentence for a crime is necessarily an element of the offense and that such fact must be found "beyond a reasonable doubt" by a jury. The Commonwealth, citing *Commonwealth v. Watley*, 81 A.3d 108, 121 (Pa. Super. 2013), wrongly argues that *Watley* held that the unconstitutional portion of §9712(C) was severable and,

6

consequently, where a jury makes a separate determination relating to the predicate fact triggering the imposition of a mandatory sentence, that sentence is not rendered illegal. In addressing *Alleyne*, *Watley* stated, "[t]he *Alleyne* decision ... renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Id.*, 81 A.3d at 117. In *Commonwealth v. Valentine*, 101 A.3d 801, 809 (Pa. Super. 2014), our Superior Court reversed its prior decision in *Watley*, holding that the provisions of 42 Pa.C.S.A. §9712 were not severable, thus rendering §9712 unconstitutional on its face, regardless of how the predicate fact is determined.

Defendant's complaint falls into a very narrow range of post *Alleyne* decisions concerning its retroactive application. *Alleyne*, was decided on June 17, 2013. Subsequently, our Supreme Court held in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. 2014), that issues regarding the legality of a sentence are not waivable and that, in Pennsylvania, *Alleyne* was to be applied retroactively only to those proceeding pending at the time *Alleyne* was decided.

As noted above, Defendant's petition for allowance of appeal to our Supreme Court was denied on May, 2, 2013, more than a month prior to *Alleyne*. However, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3) Furthermore, the U.S. Supreme Court Rules provide in part at Rule 13(1); "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is

7

subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Therefore, for the purposes of 42 Pa.C.S. § 9545(b)(3), Defendant's Judgment of Sentence did not become final until July 31, 2013, well after *Alleyne* was decided, rendering his sentence illegal.

## II. DEFENDANT IS NOT ENTITLED TO A NEW TRIAL AS A RESULT OF THE CRIMINAL INVESTIGATION OF PHILADELPHIA POLICE OFFICER MICHAEL SPICER.

In his first through fifth statement of errors, Defendant states that subsequent to his trial and convictions, Philadelphia Police Officer Michael E. Spicer was arrested and charged with corruption, resulting in withdrawal of the prosecution of cases involving Officer Spicer by the Commonwealth. He further asserts that, since Officer "Spicer's testimony was essential to" his convictions, this newly discovered evidence entitles him to a new trial. Defendant's complaints are without merit.

To be awarded a new trial on his PCRA claim of after-discovered evidence, Defendant must plead and prove that his conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi) That is, he must establish that; "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Washington.* 927 A.2d 586, 595 (Pa.2007) Furthermore, when it is clear that proffered "evidence" is to be

8

used solely to impeach the credibility of a witness, it cannot warrant the granting of a new trial. *Commonwealth v. Bormack*, 827 A.2d 503 (Pa. Super. 2003)

Defendant's complaints fail for several reason. Firstly, he misstates the record, as Officer Spicer's testimony was not "essential" to his convictions. Officer Spicer was not present at or involved in Defendant's arrest. At trial, Officer Spicer was qualified, without objection, as an "expert on possession with intent to deliver, packaging and distribution of narcotics," merely testifying to the implications arising out of the drugs recovered from Defendant's person at the time of his arrest. (N.T., 5/25/07 pgs. 8-20)

Secondly, the bald assertion that the Commonwealth has withdrawn prosecution of cases involving Officer Spicer amounts to unsupported hearsay and does not constitute "new evidence." The fact that the Commonwealth may have withdrawn unrelated cases bears no correlation to the charges against Defendant, nor can he draw such a correlation, especially in light of Officer Spicer's peripheral involvement in prosecution to the charges against Defendant.

Furthermore, the "fact" that the Commonwealth has withdrawn "prosecution of cases involving" Officer Spicer, does not entitle Defendant to relief because, even if this "fact" were admissible at trial, the fact would only be admissible to impeach the Officer Spicer's credibility. Defendant, in fact, concedes this point in his statement of errors, in asserting that the relevance of any investigation of Officer Spicer simply impugns his "honesty and credibility."

9

III.    DEFENDANT HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING THAT PRIOR COUNSEL WAS INEEFECTIVE AND IS, THEREFORE, NOT ENTITLED TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant, in support of his primary complaint that the Court has abused its discretion by dismissing his PCRA petition, raises ten averments alleging ineffective assistance of counsel. Defendant's complaints are without merit.

Defendant in seeking PCRA relief on the grounds of ineffective assistance of counsel must plead and establish by a "reasonable probability" that the outcome of his trial would have been different but for counsel's ineffectiveness. The essence of a claim of ineffective assistance of counsel is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. *Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. 2014) When the issue of the ineffectiveness of counsel is raised; "Counsel is presumed to have been effective and the defendant has the burden of proving otherwise." *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) Our Supreme Court, in *Commonwealth v. Lesko*, 15 A.3d 345 (Pa 2011), reaffirmed its previously enunciated *Strickland/Pierce*[1] test, which established that in order to prevail in his complaint that counsel was ineffective Defendant must satisfy a three prong test. That is, he must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different

_____

[1] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987)

10

absent such error." *Id.*, at 373 "With regard to the second, *i.e.*, the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (Internal citations and quotations omitted) When prejudice cannot be presumed, Defendant must plead and prove actual prejudice under "*Strickland.*" *Commonwealth v. Reaves*, 923 A.2d 1119, 1127 (2007) "The *Strickland* test for prejudice requires a showing of a reasonable probability that the outcome of the...proceeding... ...would have been different." *Commonwealth v. Daniels*, 104 A.3d 267, 296-97 (Pa. 2014) A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Spotz, Supra.*

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Watson*, 835 A.2d 786, 793 (Pa. Super. 2003) Further-more, "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Lesko*, at 374 "If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v. Albrecht*, 554 Pa. 31, 46, 720 A.2d 693, 701 (1998)

The statutory intent of the PCRA Act is to function as an extraordinary proceeding designed to provide relief to "persons convicted of crimes they did not commit and serving illegal sentences" (42 Pa.C.S.A. 9542) It is not meant to function as

11

a substitute for or a continuation of direct appellate rights. Therefore, in pursuing PCRA relief, applicants must establish through their pleading, sufficient grounds to justify the granting of relief. Consequently, claims of ineffectiveness are subject to specific pleading and proof requirements under the PCRA act. "Mere boilerplate assertions......are inadequate to prove the effective denial of the right to counsel necessary to warrant PCRA relief." *Commonwealth v. Simmons*, 804 A.2d 625, 639 (Pa. 2001) Moreover, "[b]oilerplate allegations have never been sufficient to discharge this affirmative burden to rebut the presumption of effectiveness." *Id.* "Claims of ineffective assistance of counsel are not self-proving; [an] undeveloped claim of ineffectiveness is insufficient to prove an entitlement to relief." *Commonwealth v. Jones*, 127, 811 A.2d 994, 1003 (Pa. 2002)

## A. TRIAL COUNSEL WAS NOT INEFFECTIVE IN FAILING TO OBJECT TO THE CONSOLIDATION OF CASES AGAINST DEFENDANT.

In his sixth through eighth statement of errors, Defendant complains that trial counsel was ineffective for failing to object "to the consolidation of the cases" against him. Defendant's complaints are without merit.

"Crimes charged in separate indictments may be tried together where the evidence of each of the offenses would be admissible in a separate trial for the other and the evidence is capable of separation by the jury so that there is no danger of confusion." *Commonwealth v. Natividad*, 773 A.2d 167, 174 (2001) (Internal citations omitted) In addition, Pa.R.Cr.P. 582(A)(1)(a) provides in part that: "Offenses charged in separate indictments or informations may be tried together if ...the evidence of each of the

12

offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion..." Our Supreme Court has held that "the propriety of...[the] consolidation of separate indictments" is "addressed to the sound discretion of the trial court" and should only be reversed "for manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Lark*, 518 Pa. 290, 301-302, 543 A.2d 491, 496 (Pa. 1988) (*citing Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (Pa. 1981)

Evidence of other crimes is not admissible at trial to show a defendant's propensity to commit crimes. Pa.R.E. 404(b)(1) Such evidence may, however, be admissible for other purposes such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" so long as the "probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2) In seeking to consolidate Bills of Information the Commonwealth must show "more than the crimes are of the same class" but rather that "a high correlation in the details of the crimes exists such that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the other." *Commonwealth v. Newman*, 528 Pa. 393, 399, 598 A.2d 275, 278 (Pa. 1991) (*citing Morris*, 425 A.2d at 721) This standard is intended to balance considerations of judicial economy against any possible prejudice to the defendant resulting from a consolidation of trials. *Id.*

Furthermore, "evidence of other crimes may be relevant and admissible...where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts. This special circumstance, sometimes referred to as the "res gestae" exception to the general

13

proscription against evidence of other crimes, is also known as the "complete story" rationale, *i.e.,* evidence of other criminal acts is admissible "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *Lark, Supra.* 543 A.2d at 497 (Internal citations omitted)

In the instant matter the proper balance was achieved. The evidence linking the crimes is clear, yet each crime is distinguishable from the other.

At Defendant's preliminary hearing, before the Honorable Marsha H. Neifield, held on October 28, 2005, the Commonwealth, presented testimony, regarding four separate complaints,[2] linking Defendant to four robberies, all occurring within a month of each other and within blocks of each other. Defendant was identified as the assailant and all four matters were bound over for trial at CP-51-CR-1100961-2005,[3] CP-51-CR-1100971-2005[4] and CP-51-CR-1100981-2005.[5]

At Defendant's second preliminary hearing held on February 13, 2006, before the Honorable Frank J. Brady, the Commonwealth, presented testimony, relating to various weapons charges arising out Defendant's shootout with police. At this hearing Philadelphia Police Officer Malik Abdulhadi testified that July 12, 2005, he was in plain clothes on patrol with his partner looking for an individual wanted in connection with a recent string of robberies. (N.T., 2/13/06, pgs. 5, 6, 13) At approximately 12:00 a.m. in the morning, he observed an individual, identified as Defendant, in the 4400 block of Locust Street in the City of Philadelphia, fitting the description of a man wanted in connection with one of the robberies. As he approached Defendant, he identified himself

---

[2] MC-CR-51-0782815 1-2005; MC-CR-51-07828161-2005; MC-CR-51-07828171-2005; and MC-CR-51-07828181-2005
[3] MC-CR-51-0782815 1-2005
[4] MC-CR-51-0782816 1-2005 and MC-CR-51-07828171-2005
[5] MC-CR-51-0782818 1-2005

14

as a police officer, displaying his badge. Defendant initially held his hands up as if to give himself up and then turned, running away drawing a gun out of his waist band. When Officer Abdulhadi caught up to Defendant, he refused to give himself up and a shootout ensued. Defendant was then taken into custody and two guns were recovered from his person. (N.T., 2/13/06, pgs. 6-9, 11) At the conclusion of this hearing, this matter was bound over for trial at CP-51-CR-0204941-2006.

On January 9, 2006, prior to Defendant's second preliminary hearing, the Honorable Pamela Pryor Demby, dismissed one of the robbery the charges against Defendant at CP-51-CR-1100961-2005. The record reveals that the three remaining robbery charges and the charges relating to the shootout were subsequently assigned to the Honorable Willis W. Berry, Jr., for trial. The record is unclear as to when or how these charges were consolidated. However, in a handwritten note in the record, dated May 22, 2006 and signed by Judge Berry, indicates that the matter was continued "for consolidation motion." The caption on Defendant's "Amended Motion To Suppress Identification and Evidence," filed on May 18, 2007, immediately prior to the commencement of trial, includes the remaining three docket numbers, indicating that the charges relating the three robberies and the shootout had been consolidated by then. It also appears on the record that Judge Berry granted Defendant's motion to suppress only as to CP-51-CR-1100981-2005. He proceeded to trial on the two remaining robbery charges at CP-51-CR-1100971-2005 and the weapons charges at CP-51-CR-0204941-2006.

How and when these matters were consolidated is not critical to the determination of the propriety of the consolidation itself. Nor does the dismissal of the two companion

robbery cases obviate the propriety of the consolidation of the remaining charges. It is clear that at the time of his arrest the police were searching for Defendant in connection with a series of robberies, including the ones at issue, in the same general vicinity in which he was ultimately apprehended. Defendant's flight from the officers and resultant shootout demonstrate his consciousness of guilt and are clearly relevant and admissible in proving each of the charges against him. *Commonwealth v. Hargrove*, 745 A.2d 20 (Pa. Super. 2000) Furthermore, not only is there a high correlation between these charges, the evidence pertaining to each is easily separable by the jury without confusion. *Natividad, Supra.* As the consolidation of these matters was appropriate, trial counsel cannot be held to be ineffective for failing to object. *Albrecht, Supra.*

B. **TRIAL COUNSEL WAS NOT INEFFECTIVE IN FAILING TO MOVE FOR DISMISSAL OF THE CHARGES AGAINST HIM PURSUANT TO RULE 600 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE.**

In his ninth through eleventh statement of errors, Defendant essentially complains that trial "counsel was ineffective for failing to move for dismissal pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure..." Defendant's complaints are without merit.

The Pennsylvania Courts have long held that "any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." (*Commonwealth v. Lord*, 553 Pa. 415, 417, 719 A.2d 306, at 309 (Pa.. 1998); *Commonwealth v. Butler*, 571 Pa. 441, 446, 812 A.2d 631, at 633 and 634 (Pa. 2002); *Commonwealth v. Castillo*, 385 Pa. 395, 400, 888 A.2d

16

775, at 780 (Pa. Super. 2005). Likewise, the Superior Court of Pennsylvania extended the scope of *Lord* when it held that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, at 686 (Pa. Super. 2001). "A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (Internal citations omitted)

Instantly, nowhere, in his various PCRA complaints or statement of errors, has Defendant developed his Rule 600 complaint beyond a mere boilerplate assertion setting forth his arrest date and trial date. Although Defendant concedes that a delay of 21 days is attributable to him, he has utterly failed to address the many periods of additional delay encountered in bringing him to trial. Defendant instead argues that it is the Commonwealth's burden to establish that his trial commenced in a timely manner. As noted, the statutory intent of the PCRA Act is to function as an extraordinary means of relief, thus placing an affirmative duty on Defendant to develop, beyond a mere allegation, his ineffectiveness claim. Having failed to do so, Defendant's complaint is deemed waived.

That said,[6] at the time of Defendant's arrest Pa.R.Crim.P., at Rule 600 (Rule 600) (A)(3), provided in part that, "Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." Rule 600 further provided at "(C) In determining the period for commencement of trial, there shall be excluded there from (3) such period of delay at any stage of the proceedings as results from (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at

---

[6] The Court notes that recent Rule 600 amendments are not applicable to Defendant's arrest and trial.

17

the request of the defendant or the defendant's attorney." Lastly, Rule 600 provided at "(G) ..... If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain."

In discussing the implications of Rule 600, the Superior Court of Pennsylvania, in the leading case of *Commonwealth v. Hunt*, 858 A.2d 1234, 1239 (Pa. Super. 2004) stated "this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions; (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth. So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters... the courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." (Citations omitted)

18

*Hunt* clearly established that, in considering a Rule 600 Motion, "the Court must distinguish between 'excludable time' and 'excusable delay'. Excludable time is that time delay occasioned by the defendant's own actions as characterized under Rule 600(C). Excusable delay is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. *Pa. R. Crim. P. 600(G)*." *Id.* at 1241. *Hunt* explained that "Due diligence is a fact-specific concept that must be determined on a case-by-case basis." "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.* at 1241, 242

The warrant for Defendant's arrest was issued on July 20, 2005, resulting in a mechanical run date of July 20, 2006. After reviewing the dockets in conjunction with the Commonwealth's analysis of the various periods of delay occasioned in bringing this matter to trial, the Court agrees with the Commonwealth's calculations and will review them briefly. The Court finds that the 21 days from December 19, 2005 and January 5, 2006,[7] plus the 147 days from May 22, 2006 to October 16, 2006, for a total of 168 days, is excludable resulting in an adjusted run date of January 4, 2007. The Court also finds, that the 122 days between October 16, 2006 and February 15, 2007, is excludable,[8] resulting in a mechanical run date of May 5, 2007. Trial commenced on May 21, 2007.

There is nothing in the record to indicate that the Commonwealth was not ready to proceed at any time during these proceedings. To the contrary the docket clearly

---

[7] Presumably the 21 days conceded by Defendant.
[8] In addition to Defendant being ruled incompetent on October 16, 2006, Defendant had also filed a *pro se* motion to remove appointed counsel on August 2, 2006, which was granted on December 14, 2006, resulting in the matter being continued to February 20, 2007, for status. New counsel was appointed on December 15, 2006 and she entered her appearance on January 4, 2007.

indicates that the first 168 days of delay are marked excludable. The second 122 days of delay were occasioned by Defendant's conflicts with counsel and his competency issues, none of which is attributable to the Commonwealth.

Furthermore: "Judicial delay can support the grant of an extension of the Rule [600] run date." *Commonwealth v. Brown*, 875 A.2d 1128, 1135 (Pa. Super. 2005) The docket reflects that on February 20, 2007, Defendant's trial date was scheduled for May 21, 2007, some sixteen days after the mechanical run date, and marked "MBTD" (Must Be Tried Date). This de minimis delay scheduling Defendant's trial is not attributable to the Commonwealth's lack of due diligence on the part of the Commonwealth, as it is clear that the trial date was set to accommodate Judge Berry's trial schedule.

## C. THE ADMISSION INTO EVIDENCE OF TWO SILVER GUNS WAS APPROPRIATE.

In his twelfth through fifteenth convoluted statement of errors, Defendant complains in essence, that the Court erred in allowing into evidence "two silver guns" recovered by police after their shootout with Defendant. Defendant also complains of prosecutorial misconduct in erroneously implying these guns were used in the robberies, as well as the Court's support of this argument in its instructions to the jury. Defendant's complaints are without merit.

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Maloney*, 876 A.2d 1002, 1006 (Pa. Super. 2005) "An abuse of discretion is not merely an error in judgment, but

20

an 'overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record.'" *Commonwealth v. Flamer*, 53 A.3d 82, 86 (Pa. Super. 2012) citing *Commonwealth v. Cascardo,* 981 A.2d 245, 249 (Pa.Super.2009) Our Superior Court in *Commonwealth v. Johnson,* 874 A.2d 66, 72 (Pa. Super. 2005), held: "The basic requisite for the admission of any evidence in a case is that it be competent and relevant. Though relevance has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact." (Internal citations omitted)

The admission of the guns recovered from Defendant after his shootout with police was certainly relevant to the charges relating to that incident, and clearly distinguishable from the evidence relating to the robberies. The testimony of the complaining witness that a gun was used in the robbery was alone sufficient to support the robbery charge.

Defendant's complaint regarding the Court's charge to the jury is taken out of context, as the Court charged the jury: "Now, we had two gun charges of the police too, which is a separate incident, as you know, from the ones involving the involving the lady and gentleman." (N.T., 5/25/07 pg. 88) Furthermore, there is nothing in the record to suggest that either the Court or the Commonwealth attempted to associate the use of the silver guns with the armed robberies.

21

## IV. DEFENDANT IS NOT ENTITLED TO AN EVIDENTIARY HEARING.

Defendant complains that the "Court erred in failing to hold an evidentiary hearing to examine the charges and evidence against Officer Spicer..." Defendant's complaint is both frivolous and without merit.

"A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012) citing Pa.R.Crim.P. 909(B)(2); *Harris, supra* at 1180. "[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." *Commonwealth v. Sneed*, 45 A.3d 1096, 1105 (Pa. 2012) *quoting* Pa.R.Crim.P. 909(B)(2) (internal quotations omitted). "[T]o obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court" committed an abuse of discretion "in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004). "The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Commonwealth v. Weddington*, 522 A.2d 1050, 1052 (Pa. 1987).

Defendant's argument that an evidentiary hearing, furtherance of his PCRA petition, to examine the charges and evidence against Officer Spicer must fail. As discussed above, Officer Spicer's evidence at trial was peripheral, at most raising an issue of credibility, and was not material to his various convictions. Thus, with there being no

22

issues of material fact on the record, there was no legitimate purpose to holding an evidentiary hearing.

## V. DEFENDANT IS NOT ENTITLED TO DISCOVERY.

Defendant lastly complains that the "Court erred in failing to grant Appellant's discovery request pursuant to Pa.R.Cr.P. Rule 1502(e)" relating to the arrests of Officer Spicer and others. Irregardless of Defendant's misidentifying the appropriate rule of discovery, his request represents nothing more than a prurient fishing expedition and his complaint is without merit.

As the Commonwealth so aptly notes, *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), makes it crystal clear that discovery in PCRA matters is not a matter of routine entitlement. This is clearly embodied in Pa.R.Cr.P. Rule 902(E) which provides in part; "(1) Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." This is in clear contrast to capital cases which requires a showing of "good cause." In his discovery request, Defendant has failed to meet his burden of pleading and proving "exceptional circumstances."

In *Abu-Jamal*, Appellant "requested wholesale discovery of whatever information he 'believed' to exist and/or of entire files so that he could discern whether his assertions were true." *Id.* 720 A.2d at 91 In addressing Appellant's discovery request, our Supreme Court held; "The ability of a party to conduct investigation into the claims being raised in a PCRA petition simply does not translate into a right of discovery; especially the type of discovery being sought by Appellant in the instant matter." *Id.*

23

Instantly, as in *Abu-Jamal,* Defendant is seeking the wholesale discovery of the Commonwealth's files relating to the arrests of Officer Spicer and others. Defendant is unclear as to what he expects to discover and his request is overly broad in seeking information regarding the investigations of numerous officers, none of which, save for Officer Spicer, were involved in his arrest and/or convictions. As noted, Officer Spicer, testifying as an expert witness, was not involved in his arrest or the subsequent investigation leading to his convictions. Despite Defendant's protestations, Officer Spicer played only a peripheral role in his convictions. As the Commonwealth has pointed out much of the material requested is already in the public domain offering Defendant, at the very least, an opportunity to be more specific as to what may be potentially revealed by such discovery. Although "exceptional circumstances" is not clearly defined, the Court finds that common sense requires more than a generalized allegation of what he hopes might be discovered, which Defendant has not done. Defendant utterly failed to meet his burden and the court finds no circumstances, let alone "exceptional circumstances," justifying the granting of his request for discovery, which amounts to nothing more than a wholesale fishing expedition into an unrelated matter.

## IV.   CONCLUSION

In conclusion, the Court finds that imposition of Defendant's mandatory sentence was rendered illegal by *Alleyne* and should be vacated and remanded for resentencing. The Court also finds the remaining averments in Defendant's PCRA petition are without merit and were properly dismissed.

24

BY THE COURT:

January 30, 2017

HON. CHARLES J. CUNNINGHAM, III

25



AutoScan Batch Card – 1 (Next Document)